645-070832  RES/smh

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY BONAZZI, AS ADMINISTRATOR OF THE ESTATE OF ROSE BONAZZI,, | ) ) ) | Civil Action No. Circuit Court of Will County |
| Plaintiff, | ) ) | No. 11 L 1043 |
| vs. | ) ) ) | No.   12 CV 664 |
| EMERITUS CORPORATION d/b/a EMERITUS AT JOLIET d/b/a EMERITUS AT JOLIET COURTYARD a/k/a EMERITUS AT JOLIET COURTYARD-ASSISTED LIVING f/k/a THE LOYALTON AND COURTYARD OF JOLIET f/k/a THE COURTYARD OF LOYALTON, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

NOW COMES, the Defendant, EMERITUS CORPORATION, by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby remove this civil action, case number 11 L 1043 from the Circuit Court of the Twelfth Judicial Circuit, Will County, State of Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 USC §§ 1441 and 1332. In support thereof, Defendant states as follows:

## BACKGROUND OF CASE

1. This action was filed in the Circuit Court of the Twelfth Judicial Circuit, Will County, State of Illinois on December 22, 2011. (A Copy of the Complaint at Law, Affidavit of Damages and Summons are attached hereto and incorporated herein as **"Exhibit A"**). A copy of the Complaint was served upon the Defendant on January 4, 2012. This notice is filed within 30 days after services of the Complaint upon Defendants.

2. In the Complaint at Law, Plaintiff alleged that at all relevant times, defendant Emeritus was a "nursing facility" as defined by the Illinois Nursing Home Care Act (210 ILCS 45/1-101 et seq.) and by the Nursing Home Reform Amendments (42 U.S.C.A. § 1396r). (See, Exhibit A, Plaintiff's Complaint at Law, Count I, ¶3-6). Plaintiff further claimed that Rose Bonazzi was a resident of defendant's alleged nursing facility at all times relevant to the Complaint. (See, Exhibit A, Plaintiff's Complaint at Law, Count I, ¶7).

## ORIGINAL JURISDICTION

3. Any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 USC §§1441.

4. The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and where there is complete diversity. 28 USC §§1332. There is complete diversity when, at the time that the action was commenced, every plaintiff is of diverse citizenship as every defendant. Id.

5. On information and belief, at the time the action was commenced, Plaintiff, Barry Bonazzi, the administrator of the estate, and Rose Bonazzi were citizens of the State of Illinois.

6. At the time this action was commenced, Defendant was not a citizen of the State of Illinois.

7. At the time the action commenced, Defendant, Emeritus Corporation, was a corporation organized and existing under the laws of the State of Washington. Its principal place of business was in the State of Washington.

2

8. As this Defendant was the only named defendant in the State Court action and no other defendants have been served, there are no other defendants who would be required to join in this Petition for Removal. 28 USC §§1441.

## AMOUNT IN CONTROVERSY

9. The amount in controversy exceeds $75,000, exclusive of interest and costs, by a preponderance of the evidence if the plaintiff were to establish liability and causation at trial. The jurisdictional amount in a case is determined by evaluating the claims described in the complaint, along with the record as a whole, at the time of removal. *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006). However, a moving defendant "need not show that the plaintiff will *prevail* or collect more than $75,000 if he does (prevail)." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis in original). "The burden, rather, is to show what the plaintiff *hopes to get out of the litigation*; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore*, 435 F.3d at 816 (emphasis added).

10. In this case, Plaintiff contends that Defendant's alleged negligence caused Rose Bonazzi to suffer serious injuries of a personal and pecuniary nature including, but not limited to: hospital, medical, and related expenses; pain and suffering; and physical and emotional trauma. (See, Exhibit A, Plaintiff's Complaint at Law, Count I, ¶16). Moreover, Plaintiff's alleged injuries include, but are not limited to, a C2 cervical spine fracture on February 25, 2010; a subdural hematoma on June 13, 2010; a nondisplaced closed fracture of the clavical; and multiple contusions, abrasions, and bruises about her head and upper body. (See, Exhibit A, Plaintiff's Complaint at Law, Count I, ¶15).

3

11. Furthermore, Plaintiff's attorney has prepared and signed an affidavit stating that the case value *exceeds* $50,000.00. (See, Exhibit A, Plaintiff's Affidavit of Damages) (emphasis added). This Court should recognize that Plaintiff – by utilizing the phrase "exceeds $50,000"– has refused to set a hard cap on the damages sought.

12. Thus, defendants can in good-faith estimate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "[A] *good-faith estimate of the stakes is acceptable* if it is plausible and supported by a preponderance of evidence." *Id.* (emphasis added). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* In other words, "Unless recovery of an amount exceeding the jurisdictional minimum is *legally impossible*, the case belongs in federal court." *Back Doctors Ltd.,* 637 F.3d at 830 (emphasis added).

13. In the case at hand, defendants can in good-faith estimate that the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence because: (1) Plaintiff's alleged injuries include a C2 cervical spine fracture, a subdural hematoma, a nondisplaced closed fracture of the clavical, and multiple contusions, abrasions, and bruises; (2) Plaintiff seeks personal and pecuniary damages for these alleged injuries including hospital expenses, medical expenses, pain and suffering, and physical and emotional trauma; and (3) Plaintiff's attorney has prepared and signed an affidavit stating that the case value *exceeds* $50,000.00 (emphasis added). (See, Exhibit A, Plaintiff's Complaint at Law, Count I, ¶15-16; Plaintiff's Affidavit of Damages); *Oshana,* 472 F.3d at 511.

4

## **CONCLUSION**

14. In conclusion, the United States District Courts have original jurisdiction for this civil action under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 USC §§1441.

15. This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division in which the State action is pending.

16. Defendants have attached to this Notice copies of process and pleadings that have been served upon them.

WHEREFORE, the Defendant, EMERITUS CORPORATION, pray that this cause be removed to the United States District Court for the Northern District of Illinois, Eastern Division for the reasons set forth above.

Respectfully submitted,

/s/Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone: (312) 578-7489
Fax: (312) 346-8242
Rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

645-070832  RES/smh

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARRY BONAZZI, AS ADMINISTRATOR OF THE ESTATE OF ROSE BONAZZI,, | ) ) ) | Civil Action No. Circuit Court of Will County |
| Plaintiff, | ) ) | No. 11 L 1043 |
| vs. | ) ) ) | No. |
| EMERITUS CORPORATION d/b/a EMERITUS AT JOLIET d/b/a EMERITUS AT JOLIET COURTYARD a/k/a EMERITUS AT JOLIET COURTYARD-ASSISTED LIVING f/k/a THE LOYALTON AND COURTYARD OF JOLIET f/k/a THE COURTYARD OF LOYALTON, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |

## ATTESTATION

Robert E. Sidkey, Esq, being first duly sworn on oath, deposes and states as follows:

1. He is the attorney for the defendant/petitioner, EMERITUS CORPORATION in this cause.

2. He has prepared and read the Notice of Removal filed in this cause and has personal knowledge of the facts and matters contained in it; and

3. The facts and allegations contained in the Notice of Removal are true and correct to the best of his knowledge.

Respectfully submitted,
/s/Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone: (312) 578-7489
Fax: (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

A copy of the **Notice of Removal and Attestation** was filed electronically this 31st day of January, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

William J. Rock, Esquire
Block, Klukas & Manzella, P.C.
19 W. Jefferson Street
Joliet, Illinois 60432
EMAIL
Counsel for Plaintiff, Barry Bonazzi, as Administrator of the Estate of Rose Bonazzi

Respectfully submitted,

/s/Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:  (312) 578-7489
Fax:  (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendant*