IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

BARRY BONAZZI, AS ADMINISTRATOR )
OF THE ESTATE OF ROSE BONAZZI )
)
Plaintiff, )
)
vs. ) Case No.: 11 L 1043
) PLEASE SERVE:
EMERITUS CORPORATION ) EMERITUS CORPORATION
D/B/A EMERITUS AT JOLIET ) C/O R/A:
D/B/A EMERITUS AT JOLIET COURTYARD ) ILLINOIS CORP. SERVICE C
A/K/A EMERITUS AT JOLIET ) 801 ADLAI STEVENSON DR
COURTYARD-ASSISTED LIVING ) SPRINGFIELD, IL 62703
F/K/A THE LOYALTON AND COURTYARD )
OF JOLIET )
F/K/A THE COURTYARD OF LOYALTON )
)
Defendants, )

## SUMMONS

To each defendant:

    You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, 14 West Jefferson Street, Joliet, Illinois, Room 212, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

    This summons may not be served later than 30 days after its date. DEC 22 2011

WITNESS PAMELA J. MCGUIRE 2011

_____
(Clerk of the Circuit Court)

By:_____
(Deputy)

NAME: WILLIAM J. ROCK/6298660
ATTORNEY FOR: Plaintiff
ADDRESS: 19 West Jefferson Street
CITY: Joliet, Illinois 60432
TELEPHONE: (815) 726-9999

Exhibit A

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

BARRY BONAZZI, AS ADMINISTRATOR )
OF THE ESTATE OF ROSE BONAZZI )
    Plaintiff, )
                                           )
vs.                                     )   CASE NO. 11 L 1063
                                           )
EMERITUS CORPORATION )
D/B/A EMERITUS AT JOLIET )
D/B/A EMERITUS AT JOLIET COURTYARD )
A/K/A EMERITUS AT JOLIET COURTYARD- )
ASSISTED LIVING )
F/K/A THE LOYALTON AND COURTYARD )
OF JOLIET )
F/K/A THE COURTYARD OF LOYALTON )
                                           )
    Defendants, )

## COMPLAINT

NOW COMES Plaintiff, BARRY BONAZZI, AS ADMINISTRATOR OF THE ESTATE OF ROSE BONAZZI, by and through his attorneys, BLOCK, KLUKAS & MANZELLA, P.C., and complaining of the Defendants, EMERITUS CORPORATION D/B/A EMERITUS AT JOLIET, D/B/A EMERITUS AT JOLIET COURTYARD, D.B.A EMERITUS AT JOLIET COURTYARD-EMERITUS ASSISTED LIVING, F/K/A THE LOYALTON AND COURTYARD OF JOLIET, F/K/A THE COURTYARD OF LOYALTON, states as follows:

### FACTUAL BACKGROUND

1. That on July 3, 2009, the Plaintiff, ROSE BONAZZI was admitted to EMERITUS CORPORATION D/B/A EMERITUS AT JOLIET, D/B/A EMERITUS AT JOLIET COURTYARD, D.B.A EMERITUS AT JOLIET COURTYARD-EMERITUS ASSISTED LIVING, F/K/A THE LOYALTON AND

Initial case management set for
4-10-12 at: 9 am

COURTYARD OF JOLIET, F/K/A THE COURTYARD OF LOYALTON facility located at 3315 Executive Dr. Joliet, IL.

2. That on February 25, 2010, Plaintiff was found on the floor in residential hallway of Defendant's premises.

3. That on March 29, 2010, Plaintiff fell in the front parlor on Defendant's premises.

4. That on April 3, 2010, Plaintiff was found on the floor in the front parlor on Defendant's premises.

5. That on May 21, 2010, Plaintiff fell on floor in dining room on Defendant's premises.

6. That on June 13, 2010, Plaintiff was found on the floor of her room on Defendant's premises.

7. That on August 3, 2010, Plaintiff was found on the floor of her room on Defendant's premises.

8. That the above falls resulted in multiple injuries to the Plaintiff.

## COUNT I

1. That the Plaintiff, ROSE BONAZZI, was a natural person and was born on February 12, 1922.

2. That at all times herein the Plaintiff, ROSE BONAZZI, was a resident of the long-term care facility EMERITUS CORPORATION D/B/A EMERITUS AT JOLIET, D/B/A EMERITUS AT JOLIET COURTYARD, D.B.A EMERITUS AT JOLIET COURTYARD-EMERITUS ASSISTED LIVING, F/K/A THE LOYALTON AND COURTYARD OF JOLIET, F/K/A THE COURTYARD OF

LOYALTON, and hereafter referred to as "Emeritus", located at 3315 Executive Dr. Joliet, IL.

3. At all times relevant to this Complaint, there was in full force and effect in the State of Illinois a certain statute known as the Nursing Home Care Act, as amended hereinafter referred to as the "Act", 210 ILCS 45/1-101 et seq.

4. At all times relevant to the Complaint, EMERITUS, was a "nursing facility" as defined by §45/1-113 of the Act and at all times herein was subject to the requirements of the Act and the regulations of the Department of Public Health promulgated pursuant to the Act.

5. At all times relevant to this Complaint, EMERITUS, was also subject to the requirements of 42 U.S.C. §1396r (1990) et seq., as amended by the Omnibus Budget Reconciliation Act of 1987 ("OBRA"); and Volume 42, Code of Federal Regulations, Part 483, setting forth Medicare and Medicaid Requirements for Long Term Facilities ("OBRA REGULATIONS"), as effective on October 1, 1990.

6. At all times relevant to this Complaint, EMERITUS, was a "nursing facility" as defined by 42 U.S.C.A. § 1396r.

7. That at all times relevant the Plaintiff, ROSE BONAZZI, was a resident tenant and/or patient, of the facility, commonly known as EMERITUS, as defined by 210 ILCS 45/1-122 of the Act.

8. Along with other more typical nursing home care modalities, the Plaintiff suffered from dementia, and was a special needs patient/resident.

9. That between the dates of February 25, 2010 and August 3, 2010, the Plaintiff, ROSE BONAZZI, suffered (7) seven falls, suffering multiple injuries including but not limited to, fracturing her cervical spine at C2, suffering a subdural hematoma and multiple contusions and bruises about her head and upper body.

10. The Defendant and its owners, medical director, officers, employees and agents were under a statutory obligation not to violate the rights of any resident of the facility, including the obligation not to abuse or neglect any resident as provided by the Act as follows:

   (a) An owner, licensee, administrator, employee or agent of a facility shall not abuse or neglect a resident (210 ILCS 45/2-107).

   (b) "Abuse" means *any physical or mental injury or sexual assault inflicted on a resident other than that by accidental means in a facility* (210 ILCS 45/1-103).

   (c) "Neglect" means *a facility's failure to provide, or willful withholding of, adequate medical care or mental health treatment, psychiatric rehabilitation, personal care or assistance with activities of daily living that is necessary to avoid physical harm, mental anguish, or mental illness of a resident* (210 ILCS 45/1-117).

11. That during the period of Plaintiff, ROSE BONAZZI'S, residency at EMERITUS, the Defendant violated the provisions of the Act in that the Defendant:

   (a) In violation of §483.75 of the OBRA REGULTATIONS, failed to administer the facility in a manner to attain or maintain the highest practical, physical, mental and psychosocial well-being of each resident including Plaintiff, ROSE BONAZZI;

   (b) In violation of §483.20(b) of the OBRA REGULATIONS, failed to make a comprehensive assessment of the needs of Plaintiff;

(c) In violation of §483.13(c)(1)(i) of the OBRA REGULATIONS, failed to provide the necessary services to attain or maintain the highest practicable, physical, mental and psychosocial well-being of Plaintiff, in accordance with a comprehensive assessment and plan of care;

(d) In violation of 77 Ill. Admin. Code, Ch.1, §300.1210 (a), failed to provide adequate and properly supervised care to meet Plaintiff's total nursing and personal care needs;

(e) In violation of 77 Ill. Admin. Code, Ch.1, §300.3240, failed to protect Plaintiff from abuse and neglect;

(f) Failed to take reasonable steps to see that appropriate medical attention and/or supervision was given to Plaintiff's condition when it was known, or should have been known that such care was urgently needed;

(g) Otherwise failed to provide adequate supervision, medical care, personal care, maintenance, and treatment.

12. During the period of ROSE BONAZZI'S residency at EMERUTIS the Defendant, EMERUTIS breeched its duty to exercise ordinary care by one or more of the following careless and negligent acts or omissions:

(a) Failed to properly monitor the plaintiff when they knew or should have known that she had a risk for falls;

(b) Failed to properly hire, train and instruct employees of the nursing home in violation of 210 ILCS 45/3-601;

(c) Failed to properly and adequately care for residents, including the specific needs of the Plaintiff, in violation of 210 ILCS 45/3-601;

(d) Carelessly and negligently failed to perform background investigations of employees to ensure they would provide the highest degree of care to their residents and perform duties for which they were hired, in violation of 210 ILCS 45/3-601;

(e) Carelessly and negligently failed to administer the facility in a manner to attain or maintain the highest practical, physical, mental and psychosocial well-being of each resident, including the Plaintiff, ROSE BONAZZI;

(f) Carelessly and negligently failed to make a comprehensive assessment of ROSE BONAZZI'S needs;

(g) Carelessly and negligently failed to provide the necessary services to attain or maintain the highest practicable, physical, mental and psychosocial well being of each resident, including ROSE BONAZZI, in accordance with a comprehensive assessment and plan of care;

(h) Carelessly and negligently failed to provide adequate and properly supervised care to meet ROSE BONAZZI'S total nursing and personal care needs;

(i) Carelessly and negligently failed to protect ROSE BONAZZI from abuse and neglect;

(j) Failed to take reasonable steps to see that appropriate medical attention was given to ROSE BONAZZI'S condition when it was known, or should have been known that such care was urgently needed;

(k) Otherwise failed to provide adequate medical care, personal care, maintenance, and treatment.

13. That The Nursing Home Care Act, as amended, provides as follows:

The licensee shall pay the actual damages, and costs and attorney's fees to a facility resident whose rights, as specified in part 1 of Article II of the Act, are violated (210 ILCS 45/3-602).

14. That The Nursing Home Care Act, as amended, provides as follows:

The owner and licensee are liable to a resident for any intentional or negligent act or omission of their agencies or employees, which injures the resident, (210 ILCS 45/3-601).

15. As a direct and proximate result of one or more of the Defendant's statutory violations, the Plaintiff sustained multiple injuries including, but not limited to: C2 cervical spine fracture on February 25, 2010; subdural hematoma on June 13, 2010; nondisplaced closed fracture of the clavical; multiple contusions, abrasions, and bruises about her head and upper body.

16. As a direct and proximate result, of one or more of the Defendant's statutory violations, the Plaintiff, ROSE BONAZZI, suffered injuries of a personal and

pecuniary nature, including but not limited to: hospital, medical and related expenses, pain and suffering, physical and emotional trauma.

ALL TO THE DAMAGE of the Plaintiff's, BARRY BONAZZI, AS ADMINISTRATOR OF THE ESTATE OF ROSE BONAZZI, in excess of $50,000.

WHEREFORE, the Plaintiffs, BARRY BONAZZI, AS ADMINISTRATOR OF THE ESTATE OF ROSE BONAZZI, asks that a judgment in his favor against Defendants, EMERITUS CORPORATION D/B/A EMERITUS AT JOLIET, D/B/A EMERITUS AT JOLIET COURTYARD, D.B.A EMERITUS AT JOLIET COURTYARD-EMERITUS ASSISTED LIVING, F/K/A THE LOYALTON AND COURTYARD OF JOLIET, F/K/A THE COURTYARD OF LOYALTON, in a fair an just amount in excess of FIFTY THOUSAND DOLLARS ($50,000) together with costs of suit.

Respectfully Submitted,

BY: _____
WILLIAM J. ROCK
One of the Attorneys for the Plaintiff

William J. Rock/6298660
BLOCK, KLUKAS & MANZELLA P.C.
19 W. Jefferson Street
Joliet, Illinois 60432
815-726-9999

12/29/11 13:25:02 WCCH

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

11 L 1043

BARRY BONNAZI, AS ADMINISTRATOR )
OF THE ESTATE OF ROSE BONAZZI, )
      Plaintiff, )
                    ) Case No.:
vs. )
                      )
EMERITUS CORPORATION D/B/A )
EMERITUS AT JOLIET, D/B/A EMERITUS )
AT JOLIET COURTYARD, D.B.A EMERITUS )
AT JOLIET COURTYARD-EMERITUS )
ASSISTED LIVING, F/K/A THE LOYALTON )
AND COURTYARD OF JOLIET, F/K/A THE )
COURTYARD OF LOYALTON, )
      Defendants,

2011 DEC 22 PH 2:38
CLERK, CIRCUIT COURT
WILL COUNTY, ILLINOIS
FILED

AFFIDAVIT OF DAMAGES
PURSUANT TO RULE 222(b) OF THE
ILLINOIS SUPREME COURT RULES

    WILLIAM J. ROCK, one of the attorneys of record for the Plaintiff, BARRY BONNAZI, AS ADMINISTRATOR OF THE ESTATE OF ROSE BONAZZI, in the above entitled cause; being first duly sworn upon oath, deposes and states that to the best of his knowledge, information and belief that the damages sought pursuant to the attached Complaint exceed FIFTY THOUSAND AND NO/100THS ($50,000.00) DOLLARS.

    FURTHER AFFIANT SAYETH NOT.

_____
WILLIAM J. ROCK

Sworn and Subscribed before me:
Date December 22, 2011
_____
Notary Public/Circuit Court Clerk

WILLIAM J. ROCK/6298660
BLOCK, KLUKAS & MANZELLA, P.C.
19 West Jefferson Street
Joliet, Illinois 60432
(815) 726-9999

OFFICIAL SEAL
CHERYL L GIBSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/17/15

WCCH    12292011

REQUEST RECEIVED ON-DAVIDMARKARNOLD-01/23/2012 12:11:33 PM DOCUMENT SUPPLIED ON 01/24/2012 11:23:37 AM # 17197962